**MINSON PLYMOUTH, INC., a Virginia Corporation, Appellant,**

v.

**CHRYSLER MOTORS CORPORATION, a Delaware Corporation, Appellee.**

No. 75–2312.

United States Court of Appeals, Fourth Circuit.

Argued March 14, 1977.

Decided March 31, 1977.

James F. Pascal, Richmond, Va. (Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, Va., on brief), for appellant.

R. Kenneth Wheeler, Richmond, Va. (Douglas W. Davis, Hunton & Williams, Richmond, Va., on brief), for appellee.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and HALL, Circuit Judge.

PER CURIAM:

In February of 1971 the plaintiff Minson Plymouth, Inc., commenced business as a Plymouth automobile dealer in Hopewell,

---

**14.** I refer in particular to the assurance of impartiality to out-of-state litigants.

Virginia, under a Direct Dealer Agreement with the defendant Chrysler Motors Corporation. The dealership progressed reasonably well until February of 1973 when George Minson, the President and Manager of the plaintiff corporation, was advised by a physician that he had a serious heart condition and should get out of the automobile business. Thereafter, Minson attempted to effect a "concurrent termination" of the dealership by selling it as a going business to a buyer who would be approved by Chrysler. Minson sought to negotiate such a sale, but in June of 1973 was advised by Chrysler that it no longer desired to continue a dealership in Hopewell selling only Plymouth products. Contending that Chrysler's conduct violated the Automobile Dealers' Day in Court Act, 15 U.S.C. §§ 1221–1225 as well as Virginia Code § 13.-1–564, Minson instituted this action. At the conclusion of the evidence the district court directed a verdict in favor of Chrysler and Minson has appealed.

■ It is now well settled that in the absence of coercion, intimidation or threats thereof, there can be no recovery under the federal statute. *Fray Chevrolet Sales, Inc. v. General Motors Corp.*, 536 F.2d 683 (6 Cir. 1976); *Overseas Motors, Inc. v. Import Motors Ltd.*, 519 F.2d 119 (6 Cir. 1975). Since the termination was initiated by Minson, we agree with the district judge that Chrysler's decision to discontinue a "Plymouth only" dealership in Hopewell was not violative of the day-in-court Act. Counsel for the plaintiff concedes that the scope of the Virginia statute is no broader than the federal Act and, accordingly, the judgment is affirmed.

*AFFIRMED.*